UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re: Case No. 13-16721-LMI

UC CHALLENGER, LLC, Chapter 11

Debtor.
_______________________________/

**CL36 LEASING, LLC AND CRAIG ROBINS' MOTION FOR PROTECTIVE ORDER**

CL36 Leasing, LLC ("CL36") and Craig Robins[1] (collectively "Movants"), by undersigned counsel, request the entry of a protective order pursuant to Rule 26(c)(4) of the Federal Rules of Civil Procedure as made applicable to contested matters by Bankruptcy Rule 7026 and Local Rule 7026-1, and for cause allege:

**INTRODUCTION**

On April 2, 2013, CL36 filed its Motion to Dismiss Case as a Bad Faith Filing ("Motion to Dismiss") [DE #20]. The Motion to Dismiss is a contested matter pursuant to Fed. R. Bankr. P. 9014. The parties to the contested matter are the movant, CL36 and the Debtor, UC Challenger, LLC (the "Debtor"). On April 4, 2013, this Court entered its Order Specially Setting Evidentiary Hearing on Motion to Dismiss (the "Scheduling Order") [DE #24], specially setting the Motion to Dismiss for evidentiary hearing for April 24, 2013 at 1:30 p.m. The Scheduling Order sets forth all discovery deadlines. Pursuant to the Scheduling Order, on April 5, 2013, the Debtor served its Notice of Taking Deposition pursuant to Fed. R. Bankr. P. 7030 of CL36 Leasing, LLC.

1 This Motion by Craig Robins is filed for the limited purpose of contesting the unauthorized service of discovery by Colombo. Craig Robins incorporates all arguments made herein and would add that he is not a party to the contested matter. Colombo is not authorized as a purported party in interest to serve discovery on a non-party in this contested matter.

Notwithstanding the Debtor's own ability to conduct any and all discovery to defend its position as a party to this contested matter, on April 8, 2013, Ugo Colombo, individually ("Colombo), propounded extensive discovery on CL36 and several non-parties claiming a right to participate in discovery. Colombo is attempting to invoke the discovery rules incorporated by Rule 9014 and participate in the contested matter on the Motion to Dismiss notwithstanding that he is not a party to the Motion to Dismiss nor has he moved the Court for order allowing him to intervene. Colombo claims that his authority to participate in discovery is pursuant to the broad provision of 11 U.S.C. §1109(b). However, the case law that has decided the issue provides that section 1109(b) "appear and be heard" by a party in interest does not expand and incorporate the ability to partake in discovery.

As such, Colombo, on April 8, 2013 improperly attempted to: i) serve his First Set of Interrogatories purportedly under Fed. R. Civ. P. 7033; ii) cross-notice the deposition of the Corporate Representative of CL36 Leasing, LLC purportedly under Fed. R. Bankr. P. 7030 and Rule 2004; iii) notice the deposition of Craig Robins purportedly under Fed. R. Bankr. R. 7030 and Rule 2004; iv) notice the deposition of records custodian for Bank of America, N.A. purportedly under Fed. R. Bankr. P. 7030 and Rule 2004; v) serve a subpoena under Rule 30(b)(6) on the Corporate Representative of CL36 Leasing, LLC with the Most Knowledge of Matters Set forth in Motion to Dismiss c/o Craig Robins, again purportedly under Rules 7030 and 2004; vi) serve a trial subpoena on the Corporate Representative of CL36 Leasing, LLC with Most Knowledge of Matters Set forth in Motion to Dismiss c/o Craig Robins; (vi) serve a subpoena for a rule 2004/7030 deposition on Craig Robins and, vii) serve a trial subpoena on Craig Robins ("Discovery Pleadings").

The Court should enter a protective order as to the improper Discovery Pleadings served.

## MEMORANDUM OF LAW

**A. Colombo is not a party to the contested matter and is not entitled to utilize the discovery rules incorporated by Rule 9014.**

Colombo has issued and served the Discovery Pleadings under Bankruptcy Rules of Civil Procedure 7030, 7033 and 2004. Bankruptcy Rule of Civil Procedure 7030 applies in contested matters, which incorporates Federal Rules of Civil Procedure 30(b)(6). Rule 30(b)(6) contemplates that "[A] ***party*** who wants to depose a person by oral questions must give reasonable written notice to every other party." (Emphasis added). Rule 7033 incorporates Federal Rules of Civil Procedure Rule 33, which provides, "…a ***party*** may serve on any other party…". Rule 30(b)(6) and 33 reference to a party means the discovery mechanism is limited to the parties of the contested matter. Colombo is clearly not a named party to the contested matter.

At best, Colombo is purportedly a party in interest[2] in the main bankruptcy case. If Congress intended any party in interest to conduct discovery, then Rule 30(b)(6) would have used the term party in interest. "Where the language of a statute is clear, the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L. Ed. 2d 290 (1989). Colombo's mere status as a party in interest does not authorize him to utilize discovery reserved to "parties," under Rule 7030 or even under Rule 7033. Furthermore, Colombo should not be a substitute for the Debtor when the Debtor has the tools and capability to conduct its own discovery as a ***party***, even more so because Colombo is in control of the Debtor. There is no reason why a party in interest should be allowed to control and dictate the terms of a

2 Party in interest is someone who is given an unconditional right to intervene by a federal statute; or claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(a).

contested matter when it is not a party to the Motion to Dismiss, especially when the Debtor is already conducting its own discovery. As such, a protective order is appropriate.

**B. Colombo cannot utilize section 1109(b) to circumvent Rule 9014 absent an order authorizing intervention and the ability to participate in discovery.**

Colombo relies on the broad language 11 U.S.C. § 1109(b) to circumvent his lack of standing in the contested matter and to participate in discovery. Section 1109(b) provides, "A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." Section 1109(b) does not authorize Colombo to conduct and utilize the discovery mechanisms afforded to actual "parties". The right of a party in interest to "appear," "raise issues" and "be heard" under section 1109(b) is plainly different from the right to conduct such discovery, as was explicitly noted in *In re Bicoastal Corp.*, 122 B.R. 771 (Bankr. M.D. Fla. 1990):

> In this connection, it should be pointed out that while it is true that the estimation process is a contested matter and governed by Bankruptcy Rule 9014, which makes certain rules automatically applicable, Bankruptcy Rule 7024 is not among them. This is an important distinction because a right to be heard pursuant to Section 1109 of the Code and Bankruptcy Rule 2018 is one thing and to intervene and thus become an actual party litigant in a contested matter is another. In the latter instance, if intervention is permitted, parties who intervened are treated on par with the litigants already in the lawsuit or in the contested matter with the full right to conduct independent discovery, to present evidence, and to cross-examine witnesses. **On the other hand, if the party is merely authorized to be heard, pursuant to § 1109, his involvement in a particular contested matter is limited to the right to present arguments and to submit briefs, but that party has no right to conduct litigation of its own in the orthodox sense as a party litigant.**

*Id.* (emphasis added). *See also In re City of Bridgeport*, 128 B.R. 686, 687 (Bankr. D. Conn. 1991) (stating that "[i]f a peripheral party in a Rule 9014 contested matter **wishes to file requests for discovery** and/or join in the evidentiary hearing, **leave to intervene** should be sought under Rule

2018(a)") (quoting *Metro North State Bank v. Barrick Group, Inc. (In re Barrick Group, Inc.),* 98 B.R. 133, 134–35 (Bankr. D. Conn. 1989)).

Section 1109(b) grants a party in interest the right to raise, appear, and be heard on issues in a case is not so expansive as to automatically grant full participatory rights to discovery; rather such participation is only to be permitted if objectors sought and were permitted to intervene. *See In re Barrick Group, Inc.*, 98 B.R. 133 (Bankr. D. Conn. 1989). In the *Barrick Group* case, an unsecured creditor, although entitled to object to secured creditor's motion for relief from automatic stay, was not entitled to discovery in connection with that claim. *Id.* Further, the court observed that "[m]otions are generally intended to raise matters susceptible to quick resolution not often possible in more procedurally bound adversary proceedings." *Id*. at 134. Allowing Colombo to intervene will mean Colombo questioning witnesses and performing discovery through both the Debtor's lawyers – inasmuch as Colombo controls debtor – and Colombo's separate lawyers, which would profligate the discovery proceedings. "The term party in interest is broadly interpreted, but not infinitely expansive." *In re Martin Paint Stores*, 207 B.R. 57, 61 (S.D.N.Y. 1997); *see In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 850 (S.D.N.Y. 1989); *Masonic Hall & Asylum Fund v. Official Comm. of Unsecured Creditors (In re Refco, Inc.),* 2006 U.S. Dist. LEXIS 85691, 16-17 (S.D.N.Y. 2006).

As the Middle District of Florida and the District Court of Connecticut correctly pointed out, the right to be appear and to be heard under section 1109(b) is not without qualification and does not give a party in interest an unbounded right to discovery. Movants submit that intervention is an absolute requirement. As a party-in-interest, Colombo must move to intervene, which is not an automatic right. *In re Altman*, 265 B.R 652 (D. Conn. 2001) ("…creditors do not have an automatic right to intervene in contested matters."). At a minimum, Colombo is required to follow the procedural requirements of intervention before being allowed to invoke the rules of discovery in this

contested matter. *In re Golden Glades Regional Medical Center, Ltd.*, 147 B.R. 813, 815 (Bankr. S.D. Fla. 1992).

Courts that have allowed intervention under section 1109(b) have done so in the context of an adversary proceeding and have not addressed the ability to participate in discovery issues or have done so in dicta. *In re Golden Glades Regional Medical Center, Ltd.*, 147 B.R. 813 (Bankr. S.D. Fla. 1992), dealt with a party in interest's right to intervene in an *adversary proceeding*, pursuant to Rule 7024.[3] *In re Morris Pub. Group LLC*, 2010 WL 599393 (Bankr. S.D. Ga. 2010), the court there did not address the right of a party in interest to conduct discovery, and in addition the court noted the limited nature of rights under section 1109: "The right to appear and be heard as a party in interest under § 1109(b) **is not the same as standing**, and § 1109 does not give every party in interest the right to seek relief on every issue." *Id.* (emphasis added). Finally, while the court in *In re Adelphia Communications Corp.*, 285 B.R. 848 (Bankr. S.D.N.Y. 2002), in *dicta* stated that parties in interest right have a right to discovery, that dicta was contradicted by the very same court in a more recent case. *See In re Saint Vincents Catholic Medical Centers of New York*, 429 B.R. 139, 150 (Bankr. S.D.N.Y. 2010) (stating that "if a peripheral party wishes to file request for discovery and/or join in the evidentiary hearing, leave to intervene should be sought pursuant to Rule 2018(a)") (quoting *In re Barrick Group, Inc.*, *supra*).

While there are cases that have found section 1109(b) allows a party in interest to intervene, Movants have not uncovered any cases that expand section 1109(b) to allow a party in interest to participate in discovery in a contested matter. *In Addison Community Hospital Authority*, 175 B.R. 646 (Bankr. E.D. Mich. 1994).

---

3 As noted in *In re Bicoastal Corp.*, *supra*, however, Rule 7024 is <u>not</u> among the rules made applicable to contested matters under Rule 9014.

Movants submit a determination of whether Colombo is even a party in interest with standing is a prerequisite and must be determined on a motion to intervene. A party in interest under section 1109(b) must possess a legally protected interest affected by the issues raised in the contested matter. *See generally SWE&C v. Saudi Arabian Oil Co. (In re Stone & Webster, Inc)*, 373 B.R. 353, 361 (Bankr. D. Del. 2007), aff'd 2008 U.S. Dist. LEXIS 92249 (D. Del. 2008) (discussing section 1109(b) in the context of confirmation). Colombo must, at a minimum, provide this Court with the basis as to why the Debtor is not adequately able to represent his rights and interest in this contested matter and how his rights are being affected particularly when Colombo controls the Debtor. Movants submit that such inquiry is appropriate in a motion to intervene.

Colombo has failed to move this Court for an order allowing him to intervene in the contested matter of the Motion to Dismiss, and even if granted such right he still should be denied the right to participate in discovery, which will elongate the proceeding on the Motion to Dismiss.

**C. Colombo should not be allowed to disguise his Rules 7030 and 7033 discovery requests as Rule 2004 requests.**

Colombo also attempts to circumvent what discovery rules do not allow him to do as a party in interest by moving simultaneously under Rule 2004. Colombo is disguising his unauthorized Rules 7030 and 7033 requests as 2004 examinations. Colombo may or may not be entitled to 2004 examination in the main case, but Rule 2004 cannot be utilized in this contested matter. Rule 2004 is a discovery mechanism utilized outside the context of adversary or contested matters and utilized to discover items related to the administration of the main case.[4]

The Court should therefore enter a protective order precluding Colombo from taking discovery pursuant to Rule 2004 as a disguised 7030 examination or 7033 interrogatories.

4 As this Court has noted, the Motion to Dismiss is not the forum for the State Court case.

**CONCLUSION**

As provided for above, this Court's authority to grant the relief requested herein is pursuant to Rule 26(c)(4) of the Federal Rules of Civil Procedure as made applicable to contested matter by Bankruptcy Rule 7026, which provides that a party may request the court's protection from annoyance, embarrassment, oppression, or undue burden or expense including that certain matters not be inquired into, or the scope of the disclosure or discovery be limited to certain matters. Section 105(a) of the Bankruptcy Code also allows the court to "take any action or make any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C.A. § 105(a); *Askew v. Channel (In re Askew)*, 61 B.R. 87 (Bankr. S.D. Ohio 1986) (actions authorized by Section 105 include the issuance of protective orders). The Court should prevent Colombo from duplicating the Debtor's discovery efforts, especially when he is not even authorized as a party in interest to conduct discovery in this contested matter under Rules 7030, 7033 or 2004. The extensive Discovery Pleadings are simply to harass CL36 and others and to provide Colombo with a fishing expedition to discover issues related to the state court case. The Court should enter a protective order as to the Discovery Pleadings.

WHEREFORE, CL36 Leasing, LLC and Craig Robins respectfully request for entry of a protective order against the taking of the  the Cross-Notice of Deposition *Duces Tecum* of Rule 30(b)(6) Corporate Representative of CL36 Leasing, LLC for April 15, 2013 at 2:00 p.m., the First Set of Interrogatories, and accompanying subpoena and trial subpoena, and the Notice of Deposition *Duces Tecum* of Craig Robins for April 15, 2013 at 10:00 a.m. and accompanying subpoena and trial subpoena and such further relief as may be just and proper under the circumstances.

I hereby certify that I have conferred with opposing counsel in a good faith attempt to resolve this matter without judicial intervention pursuant to Local Rule 7026-1(F).

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Dated this 10th day of April, 2013.

**RICE PUGATCH ROBINSON & SCHILLER, P.A.**
*Attorneys for CL36 Leasing, LLC*
101 Northeast Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone (305) 379-3121
Facsimile (954) 462-4300

By: /s/ Lisa M. Schiller
ARTHUR HALSEY RICE
Florida Bar No. 224723
arice@rprslaw.com
LISA M. SCHILLER
Florida Bar No. 984426
lschiller@rprslaw.com

And

By: /s/ Dennis Richard
DENNIS RICHARD
Florida Bar No: 148730
dennis@richardandrichard.com
LAUREL W. MARC-CHARLES
Florida Bar No. 319491
laurel@richardandrichard.com
MICHAEL R.TOLLEY
Florida Bar No. 002715
michael@richardandrichard.com
RICHARD AND RICHARD, P.A.
*Co-Counsel for CL36 Leasing, LLC*
825 Brickell Bay Drive
Tower III, Suite 1748
Miami, FL 33131
Telephone: (305) 374-6688
Facsimile: (305) 374-0384

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by the Court's CM/ECF system to all parties listed on the Service List below this 10th day of April, 2013.

/s/ Lisa M. Schiller
LISA M. SCHILLER

**SERVICE LIST**

**VIA CM/ECF**

Laudy Luna on behalf of Creditor Bank of America, N.A.
ll@lgplaw.com, de@lgplaw.com

James C. Moon on behalf of Debtor UC Challenger, LLC
jmoon@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Arthur H Rice on behalf of Creditor CL36 Leasing, LLC
arice.ecf@rprslaw.com

Peter D. Russin on behalf of Debtor UC Challenger, LLC
prussin@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com

Machael L. Schuster on behalf of Creditor Ugo Colombo
mschuster@gjb-law.com, jgenovese@gjb-law.com

J:\Wpdocs\5112 CL 36 Leasing V. UC Challenger, LLC\Pleadings\Motion For Protective Orderv2.Doc