UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                  Case No.: 13-16721-LMI-BKC

UC CHALLENGER, LLC,                                      Chapter 11

      Debtor.
_____/

**UGO COLOMBO AND CMC GROUP, INC'S LIMITED RESPONSE TO (I) MOTION OF CHAPTER 11 TRUSTEE TO DISMISS CHAPER 11 CASE, AND REQUEST THAT THE COURT SCHEDULE HEARING ON THE MATTER FOR SEPTEMBER 16, 2014 AT 9:30 A.M. [ECF NO. 329] AND (II) MOTION OF CL36 LEASING, LLC TO DISMISS CASE PURSUANT TO 11 U.S.C. § 1112(b) [ECF No. 338]**

Ugo Colombo ("Mr. Colombo") and CMC Group, Inc. ("CMC"), creditors and parties in interest in the above-styled Chapter 11 proceedings, file this Limited Response to (i) Motion of Chapter 11 Trustee to Dismiss Chapter 11 Case, and Request that the Court Schedule Hearing on the Matter for September 16, 2014 at 9:30 a.m. [ECF No. 329] and (ii) Motion of CL36 Leasing, LLC to Dismiss Case Pursuant to 11 U.S.C. § 1112(b) (together, the "Motions to Dismiss"). Mr. Colombo and CMC respectfully state as follows:

1. Mr. Colombo and CMC do not object to the dismissal of this Chapter 11 case as requested in the Motions to Dismiss. However, to ensure that such dismissal is without prejudice to the rights of Mr. Colombo and CMC as creditors of UC Challenger, LLC (the "Debtor"), as well as the interests of Mr. Colombo as an equity security holder in the Debtor, Mr. Colombo and CMC request that any Order entered by the Court on the Motions to Dismiss contain certain provisions as specified herein.

2. Specifically, as of March 26, 2013 (the "Petition Date"), the Debtor was vested with claims in the nature of accounts receivable against (without limitation) Craig Robins, CL36

Leasing, LLC, Dacra Development Corporation, and Turnberry Management II, Inc. The Debtor scheduled these claims on Schedule B, Item 16 [ECF No. 1 at p. 12], as follows:

**SCHEDULE B - PERSONAL PROPERTY**
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 16. Accounts receivable. | | Fixed costs account receivable from Craig Robins / CL36 Leasing, LLC | - | 1,130,092.87 |
| | | Turnberry Management III, Inc. | - | 125,000.00 |
| | | Dry lease income from Dacra Development Corporation / Craig Robins | - | 214,000.00 |
| | | Loan to Turnberry Management III, Inc. | - | 611,349.50 |

3.   The above-scheduled claims are also reflected on the Debtor's books and records, which indeed indicate that the Dry lease income due from Dacra/Craig Robins is $224,700.[1]

4.   The Debtor further disclosed at Schedule B, Item 21, causes of action with unknown values against Dacra Development Corporation, Craig Robins, CL36 Leasing LLC, Delaware Global Operation, LLC, and Turnberry Management III, Inc. *See* ECF No. 1 at p. 13.

5.   The Debtor may also have claims against Bank of America, N.A. relating to its conduct in connection with the sale of the Debtor's aircraft, which the Debtor may be able to assert as counter-claims or defenses in the case styled *Bank of America, N.A. v. Ugo Colombo et al.*, pending in the Circuit Court of the 11th Judicial Circuit Court in and for Miami-Dade County, Florida, under Case No. 13-08545 CA 23.

6.   The Debtor may also have claims against Gerald Robins relating to (without limitation) his involvement in the debtor-in-possession loan made by CL36 Leasing to the Trustee during the course of this case. *See* ECF No. 233.

---

[1] Indeed, on December 2, 2013, the Chapter 11 Trustee sent Dacra Corp. a demand letter regarding the Debtor's claims against Dacra. Dacra did not satisfy the estate's claims against it, even after having received the Trustee's demand letter.

7.      Section 349(b)(3) of the Bankruptcy Code[2] provides that "[u]nless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title . . . revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title."  According to the Congressional Record, "[t]he objective of section 349(b) is to undo the title 11 case, insofar as practicable, and to restore all property rights to the position they occupied at the beginning of such case."  3 *Collier on Bankruptcy* ¶ 349.01[2] (16th Ed. 2013) (citations omitted).

8.      In this case, neither the Chapter 11 Trustee nor CL36 Leasing, LLC has requested any deviation from the standard effect of dismissal under Section 349(b).[3]  However, in an abundance of caution, Mr. Colombo and CMC respectfully request that any Order granting the Motions to Dismiss expressly re-vest the Debtor with its claims and causes of action. Specifically, Mr. Colombo and CMC propose the following language in any order of dismissal:

> "Pursuant to 11 U.S.C. § 349(b)(3), upon the effective date of the dismissal of this Chapter 11 case, all claims and causes of action of UC Challenger, LLC, whether arising prior to or after the Petition Date, shall re-vest in UC Challenger, LLC as if no Chapter 11 case had been filed, including (without limitation) any claims of UC Challenger against (i) Craig Robins; (ii) CL36 Leasing, LLC; (iii) Dacra Development Corp; (iv) Turnberry Management III, Inc.; (v) Gerald Robins or (vi) Bank of America.  This Order shall be without prejudice to any and all rights of UC Challenger, LLC to bring any such claim or cause of action as well as any defenses which may exist in respect of such claims or causes of action."

And

---

[2] 11 U.S.C. § 101, *et seq.*

[3] Though not expressly addressed in either of the Motions to Dismiss, Mr. Colombo and CMC presume that the Court's dismissal order will not disturb the sale of the Debtor's aircraft, notwithstanding the language of Section 349(b)(3).  *See*  H.R. REP. 95-595, 338, 1978 U.S.C.C.A.N. 5963, 6294 (Section 349(b) "does not necessarily encompass undoing sales of property from the estate to a good faith purchaser.")

"Nothing in this Order shall be construed as an adjudication of any claim or cause of action of UC Challenger, LLC which existed as of the Petition Date or which could have been brought by UC Challenger, LLC after the Petition Date."

9. Provided that the Court's order contain the foregoing provisions, consistent with the intent of Section 349(b) of the Bankruptcy Code, Mr. Colombo and CMC do not object to the Motions to Dismiss being granted.

Respectfully Submitted this 12th day of September, 2014.

    GENOVESE JOBLOVE & BATTISTA, P.A.
    *Counsel for Mr. Colombo and CMC Group*
    100 Southeast Second Street, 44th Floor
    Miami, FL 33131
    Tel.: (305) 349-2300
    Fax: (305) 349-2310

    By: /s/ John H. Genovese, Esq.
    John H. Genovese, Esq. (FBN 280852)
    Email: jgenovese@gjb-law.com
    Michael L. Schuster, Esq. (FBN 57119)
    Email: mschuster@gjb-law.com
    Michael A. Friedman, Esq. (FBN 71828)
    Email: mfriedman@gjb-law.com